UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P146-M

JA-RON TEAGUE *et al.*　　　　　　　　　　　　　　　　　　　　　　　PETITIONER

v.

LOUISVILLE METRO GOVERNMENT *et al.*　　　　　　　　　　　　RESPONDENTS

**MEMORANDUM OPINION**

　　　　Plaintiff, Ja-Ron Teague, a convicted inmate currently incarcerated in the Louisville Metro Department of Corrections, has filed this action seeking habeas relief.  Petitioner admits in his petition that his arrest was "legal" and that he is serving a one-year sentence after pleading guilty to unspecified charges.  It does not appear that Petitioner is challenging his conviction.  Rather, Petitioner is challenging the conditions of his confinement in the Louisville Metro Department of Corrections.  He complains about the treatment he received for a "staph" infection, overcrowding, failure of prison officials to provide him with his prescribed mental health medications, and his placement in administrative segregation.  For the reasons that follow, Petitioner's action will be dismissed.

　　　　Where a prisoner is challenging the fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus.  *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).  However, habeas relief is not available to prisoners who are complaining only of mistreatment during their legal incarceration.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("Constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of

[the habeas] core and may be brought pursuant to § 1983 in the first instance."). Because Petitioner challenges only the conditions of his confinement, his claims are not properly pursued in a habeas action. *See Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

After it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983, a district court is free to dismiss the action without prejudice to allow the petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton*, 391 F. 3d 710, 714 (6th Cir. 2004). "Although liberal construction requires active interpretation of the filings of a *pro se* litigant, it has limits. Liberal construction does not require a court to conjure allegations on a litigant's behalf, and a pleading must provide notice to the opposing party of the relief sought." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (internal citations omitted) (affirming district court's dismissal of § 2254 petition where complaints should have been pursued under § 1983). Accordingly, by separate Order the Court will dismiss the instant petition without prejudice.

In the event that Petitioner attempts to appeal this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*

4414.008

3